UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| | : Civ. 01 0695 |
| v. | : |
| | : FILED |
| SEAN EDWARD ST. HEART, | : |
| Defendant. | : APR 4 2001 |

CONSENT AND UNDERTAKING OF
DEFENDANT SEAN EDWARD ST. HEART

1.  Defendant Sean Edward St. Heart ("St. Heart") enters a general appearance, admits the jurisdiction of this Court over him and over the subject matter of this action, acknowledges service upon him of the Complaint (the "Complaint") of Plaintiff Securities and Exchange Commission (the "Commission") in this action, and waives the filing of an Answer.

2.  Defendant St. Heart, without admitting or denying the allegations of the Complaint, except as to jurisdiction, which he admits, consents to the entry of the Final Judgment Of Permanent Injunction As To Defendant Sean Edward St. Heart (the "Final Judgment") in the form annexed hereto and incorporated herein by reference, which permanently restrains and enjoins St. Heart from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

3. Defendant St. Heart understands that the Court is not ordering him to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], based upon the accuracy and completeness of St. Heart's sworn representations in his Statement of Financial Condition dated January 18, 2001 and submitted to the Commission. If at any time following the entry of the Final Judgment the Commission obtains information indicating that St. Heart's representations concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to St. Heart, petition the Court for an order imposing a civil penalty. In connection with any such petition, the only issues shall be whether the financial information provided by St. Heart was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. The Court may consider all available remedies at that time, including, but not limited to, ordering St. Heart to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery. Defendant St. Heart may not, by way of defense to such petition, challenge the validity of this Consent or the Final Judgment, contest the allegations in the Complaint, or assert that the payment of a civil penalty should not be ordered.

4. Defendant St. Heart waives the filing of an Answer to the Complaint and waives a hearing and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant St. Heart waives any right he may have to appeal from the entry of the Final Judgment.

6.  Defendant St. Heart enters into this Consent And Undertaking Of Defendant Sean Edward St. Heart (the "Consent") voluntarily and of his own accord and represents that no threats, offers, promises or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him to enter into this Consent.

7.  Defendant St. Heart agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Defendant St. Heart agrees that he will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and he hereby waives any objection he may have based thereon.

9.  Defendant St. Heart agrees that the Final Judgment may be presented by the Commission to the Court for signature and entry without further notice.

10. Defendant St. Heart waives service of the Final Judgment entered herein upon him and agrees that the Final Judgment by the Court and filing with the clerk in the United States District Court for the District of Columbia will constitute notice to him of the terms and conditions of such Final Judgment.

11. Consistent with the provisions of 17 C.F.R. § 202.5(f), defendant St. Heart waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

12. Defendant St. Heart (i) understands the SEC's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint," [17 C.F.R. § 202.5(e)]; (ii) agrees not to make or permit any public statement directly or indirectly denying the allegations of the Complaint or creating the

3

impression that the Final Judgment is without factual basis; and (iii) agrees that if Defendant breaches this agreement, the SEC may move the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects Defendant's right to take legal or factual positions in litigation in which the SEC is not a party, or Defendant's testimonial obligations in any matter.

*[signature]*
Sean Edward St. Heart

Dated: March 12, 2001

On this 12 day of March, 2001, Sean Edward St. Heart being known to me and who executed the foregoing Consent And Undertaking Of Defendant Sean Edward St. Heart personally appeared before me and did duly acknowledge to me that he executed the same.

*[signature]  Pamela Fein*
Notary Public

See attachment

My COMMISSION expires  Oct 25, 2001

4

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California  
County of Los Angeles } ss.

On 3/12/01, before me, Pamela Tomlinson, Notary Public,
personally appeared Sean Edward St. Heart,

☐ personally known to me  
☒ proved to me on the basis of satisfactory evidence CID

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Pamela Tomlinson_  
Signature of Notary Public

Place Notary Seal Above

——————— **OPTIONAL** ———————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document*

**Description of Attached Document**  
Title or Type of Document: Consent and Undertaking  
Document Date: 3/12/01   Number of Pages: 4

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer**  
Signer's Name: _____  
☐ Individual  
☐ Corporate Officer — Title(s) _____  
☐ Partner — ☐ Limited ☐ General  
☐ Attorney in Fact  
☐ Trustee  
☐ Guardian or Conservator  
☐ Other: _____

Signer Is Representing: _____

**RIGHT THUMBPRINT OF SIGNER**  
Top of thumb here

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org   Prod. No. 5907   Reorder: Call Toll-Free 1-800-876-6827