UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SEAN EDWARD ST. HEART, : <br> : <br> Defendant. : | 01 0695 <br><br> FILED <br><br> APR 4 2001 <br><br> NANCY MAYER WHITTINGTON, CLK <br> U.S. DISTRICT COURT |

FINAL JUDGMENT OF PERMANENT INJUNCTION
AS TO DEFENDANT SEAN EDWARD ST. HEART

Plaintiff Securities and Exchange Commission (the "Commission"), having duly commenced this action by filing its Complaint (the "Complaint"), and defendant Sean Edward St. Heart ("St. Heart"), having in his Consent and Undertaking of Defendant Sean Edward St. Heart (the "Consent") entered a general appearance herein, having admitted the jurisdiction of this Court over him and over the subject matter of this action, having waived the filing of an Answer to the Complaint and the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, and without admitting or denying any of the allegations of the Complaint, except as to jurisdiction, which he admits, having consented to the entry of this Final Judgment Of Permanent Injunction As To Defendant Sean Edward St. Heart (the "Final Judgment"), permanently restraining and enjoining St. Heart from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5]; and it further appearing that this

#3
(N)

I.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that defendant St. Heart, his agents, servants, employees, attorneys-in-fact and all persons in active concert or participation with St. Heart who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and hereby are permanently restrained and enjoined from, violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of a national securities exchange by:

(a) employing any device, scheme, or artifice to defraud,

(b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that based upon St. Heart's sworn representations in his Statement of Financial Condition dated January 18, 2001 and submitted to the Commission, the Court is not ordering St. Heart to pay a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The determination not to impose a civil penalty is contingent upon the accuracy and completeness of all such representations. If at any

time following the entry of this Final Judgment, the Commission obtains information indicating that such representations to the Commission concerning St. Heart's assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to St. Heart, petition this Court for an order requiring St. Heart to pay a civil penalty. In connection with any such petition, the only issues shall be whether the financial information provided by St. Heart was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made, and the amount of civil penalty to be imposed. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering St. Heart to pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final Judgment, and the Commission may also request additional discovery. St. Heart may not, by way of defense to such petition, challenge the validity of the Final Judgment, contest the allegations in the Complaint filed by the Commission, or assert that the payment of a civil penalty should not be ordered.

III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the annexed Consent be, and the same hereby is, incorporated herein by reference with the same force and effect as if fully set forth herein.

IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.


V.

There being no reason for delay, the clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith.

**SO ORDERED**, this 4th day of April, 2001.

UNITED STATES DISTRICT JUDGE